

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY  )
COMMISSION,                                                 )
                                                                        )
      Plaintiff,                                           )   CASE NO. 6:07-cv-1548-28UA(?)
                                                                        )
      v.                                                     )   **COMPLAINT**
                                                                        )
                                                                        )   **JURY TRIAL DEMAND**
PAPIN ENTERPRISES, INC., d/b/a Subway, )   **INJUNCTIVE RELIEF SOUGHT**
PAPIN, INC., d/b/a Subway, and DOCTOR'S )
ASSOCIATES, INC.,                                       )
                                                                        )
      Defendants.                                        )
_____/

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Hawwah Santiago. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Defendants Papin Enterprises, Inc., d/b/a Subway, Papin, Inc., d/b/a Subway, and Doctor's Associates, Inc. discriminated against Santiago by discriminating against Santiago by failing to provide her with a reasonable accommodation and ultimately terminating her because of her religion.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Papin Enterprises, Inc., d/b/a Subway ("Papin Enterprises") and Defendant Papin, Inc., d/b/a Subway ("Papin"), have continuously been a company doing business in the State of Florida and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants Papin Enterprises and Papin have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

6. At all relevant times, Defendant, Doctor's Associates, Inc. ("DAI") has continuously been a company doing business in the State of Florida and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant DAI has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Santiago filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Santiago, a 24 year old woman of Latin and African descent, practices the Nuwaubian religion and has been a follower of Nuwaubian religion since childhood.

10. Santiago's religious belief is a religious observance, practice, or belief as defined by 42 U.S.C. § 2000e(j) and 29 C.F.R. §1605.1.

11. Santiago was employed by Respondents as a sandwich artist from December 2005 to March 2006 when she was promoted to Assistant Manager.

12. As an expression of Santiago's religious belief, a religious observance, and/or a religious practice, Santiago wore a nose ring in her right nostril during the relevant period.

13. Beginning in approximately February of 2006, Respondents' acts and/or failures to act constituted violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, as follows:

   a. Respondents advised Santiago that her religious belief, practice, and/or observance was in conflict with her employment.

   b. Respondents failed to fulfill their affirmative duty to reasonably accommodate Santiago's religious belief, practice and/or observance.

   c. Respondents fired Santiago on May 3, 2006 because Respondents concluded that Santiago's religious belief, practice and/or observance was in conflict with her employment.

      d.    Respondents maintained a policy and/or practice which constitutes a violation of Title VII's prohibition of religious discrimination.

      e.    Respondents terminated Santiago because of her religion.

14.    The effect of the practices complained of above has been to deprive Santiago of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion. The unlawful employment practices complained of above were and are intentional.

15.    The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Santiago.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of religion.

B.    Order Defendants to institute and carry out policies and practices which provide equal employment opportunities for persons with religious beliefs, and which eradicate the effects of Defendants' past and present unlawful employment practices.

C.    Order Defendants to make whole Santiago by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.    Order Defendants to make whole Santiago by providing compensation for past

and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendants to make whole Santiago by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Santiago punitive damages for Defendants' malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney

_____
MARIA KATE BOEHRINGER
Senior Trial Attorney
Florida Bar No. 0041157
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
2 South Biscayne Boulevard, Ste. 2700
Miami, Florida 33131
Tel.: (305) 808-1790 Direct
Fax : (305) 808-1835
Email: maria.boehringer@eeoc.gov